IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TANIS KAY LOMSDALE | ) | |
| | ) | |
| v. | ) | No. 3:14-1961 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
|     Acting Commissioner of | ) | |
|     Social Security | ) | |

To: The Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for Supplemental Security Income ("SSI"), as provided by the Social Security Act ("the Act"). The case is currently pending on Plaintiff's motion for judgment on the administrative record (Docket Entry No. 14), to which Defendant has filed a response (Docket Entry No. 15).

Upon review of the administrative record as a whole and consideration of the parties' filings, the Court finds that the Commissioner's determination that Plaintiff is not disabled under the Act is supported by substantial evidence in the record as required by 42 U.S.C. § 405(g), and that Plaintiff's motion for judgment on the administrative record (Docket Entry No. 14) should be DENIED.

## I. INTRODUCTION

Plaintiff filed an application for SSI on August 18, 2010. *See* Transcript of the Administrative Record (Docket Entry No. 10),[1] at 61. She alleged a disability onset date of May 1, 2007.[2] *Id*. Plaintiff asserted that she was unable to work because of attention deficit hyperactivity disorder ("ADHD"), Fetal Alcohol Syndrome ("FAS"), and bipolar disorder. AR 63. The Commissioner also identified learning difficulties, depression, urinary incontinence, scoliosis, and conductive hearing loss. *Id*.

Plaintiff's applications were denied initially and upon reconsideration. AR 61-62. After filing her request for a hearing before an administrative law judge ("ALJ"), Plaintiff appeared with counsel and testified at a hearing before ALJ John R. Daughtry on November 29, 2012. AR 36. Plaintiff appeared for a supplemental hearing before the ALJ on May 2, 2013. AR 30. On May 23, 2013, the ALJ issued a decision unfavorable to Plaintiff. AR 10-12. On August 8, 2014, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, AR 1-6, thereby making the ALJ's decision the final decision of the Commissioner. This civil action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. § 405(g).

---

[1] The Transcript of the Administrative Record is hereinafter referenced by the abbreviation "AR" followed by the corresponding page number(s). All other filings are hereinafter referenced by the abbreviation "DE" followed by the corresponding docket entry number and page number(s), where appropriate.

[2] Plaintiff later amended her alleged date of onset to the date she filed her application, August 18, 2010. AR 38.

## II.  THE ALJ FINDINGS

The ALJ issued an unfavorable decision on May 23, 2013.  AR 10-12.  Based upon the record, the ALJ made the following enumerated findings:

1. The claimant has not engaged in substantial gainful since August 18, 2010, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: bipolar disorder, history of depressive disorder, history of attention deficit hyperactivity disorder (ADHD), borderline intellectual functioning, history of scoliosis with low back pain, history of hay fever and obesity (20 CFR 416.920(c)).

\*\*\*

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

\*\*\*

4. After careful consideration of the entire record, the undersigned finds that the claimant had the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) that is limited to: lifting and carrying up to 20 pounds occasionally and 10 pounds frequently; standing and walking up to or about 7 hours in an 8 hour workday with normal breaks; sitting up to or about 7 hours in an 8 hour workday with normal breaks; frequent pushing, pulling and reaching with the bilateral upper extremities; no kneeling, crouching, crawling or climbing ladders, ropes or scaffolds; frequent use [sic] foot controls; occasional climbing of ramps and stairs, balancing and stooping; avoidance of exposure to unprotected heights, humidity, wetness, pulmonary irritants, dust, odors and fumes; and frequent exposure to temperature extremes and vibrations.  She can understand, remember and carry out short, simple directions; can make judgments on simple work related decisions; can have occasional contact with the general public, supervisors and coworkers; and can adapt to gradual, infrequent workplace changes.

\*\*\*

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on January 31, 1989 and was 21 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

***

10. The claimant has not been under a disability, as defined in the Social Security Act, since August 18, 2010, the date the application was filed (20 CFR 416.920(g)).

AR 15-23.

## III. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence contained in the administrative record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

## IV. DISCUSSION AND CONCLUSIONS OF LAW

**A. Standard of Review**

The determination of disability under the Act is an administrative decision. The only questions before this Court are: (i) whether the decision of the Commissioner is supported by

substantial evidence; and (ii) whether the Commissioner made any legal errors in the process of reaching the decision. 42 U.S.C. § 405(g). *See Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (adopting and defining substantial evidence standard in context of Social Security cases); *Kyle v. Comm'r Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010); *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986).

Substantial evidence has been defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The Commissioner's decision must be affirmed if it is supported by substantial evidence, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999)).

The Court must examine the entire record to determine if the Commissioner's findings are supported by substantial evidence. *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir.1991). A reviewing court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citing *Myers v. Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court must accept the ALJ's explicit findings and final determination unless the record as a whole is without substantial evidence to support the ALJ's determination. 42 U.S.C. § 405(g). *See, e.g., Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984).

## B. Determining Disability at the Administrative Level

The claimant has the ultimate burden of establishing her entitlement to benefits by proving her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d) (1)(A). The asserted impairment(s) must be demonstrated by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. §§ 423(d)(3) and 1382c(a)(3)(D); 20 CFR §§ 404.1512(a), (c), 404.1513(d). "Substantial gainful activity" not only includes previous work performed by the claimant, but also, considering the claimant's age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which the claimant lives, or whether a specific job vacancy exists, or whether the claimant would be hired if she applied. 42 U.S.C. § 423(d)(2)(A).

In the proceedings before the Social Security Administration, the Commissioner must employ a five-step, sequential evaluation process in considering the issue of the claimant's alleged disability. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). First, the claimant must show that she is not engaged in "substantial gainful activity" at the time disability benefits are sought. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007); 20 CFR §§ 404.1520(b), 416.920(b). Second, the claimant must show that she suffers from a severe impairment that meets the twelve month durational requirement. 20 CFR §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Edwards v. Comm'r of Soc. Sec.*, 113 F. App'x 83, 85 (6th Cir. 2004). Third, if the claimant has satisfied the first two steps, the claimant is presumed disabled without further inquiry, regardless of age, education or work experience, if the

impairment at issue either appears on the regulatory list of impairments that are of sufficient severity as to prevent any gainful employment or equals a listed impairment. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 CFR §§ 404.1520(d), 416.920(d). A claimant is not required to show the existence of a listed impairment in order to be found disabled, but such a showing results in an automatic finding of disability that ends the inquiry. *See Combs, supra*; *Blankenship v. Bowen*, 874 F.2d 1116, 1122 (6th Cir. 1989).

If the claimant's impairment does not render her presumptively disabled, the fourth step evaluates the claimant's residual functional capacity in relationship to her past relevant work. *Combs, supra*. "Residual functional capacity" ("RFC") is defined as "the most [the claimant] can still do despite [her] limitations." 20 CFR § 404.1545(a)(1). In determining a claimant's RFC, for purposes of the analysis required at steps four and five, the ALJ is required to consider the combined effect of all the claimant's impairments, mental and physical, exertional and nonexertional, severe and nonsevere. *See* 42 U.S.C. §§ 423(d)(2)(B), (5)(B); *Foster v. Bowen*, 853 F.2d 483, 490 (6th Cir.1988). At the fourth step, the claimant has the burden of proving an inability to perform past relevant work or proving that a particular past job should not be considered relevant. *Cruse*, 502 F.3d at 539; *Jones*, 336 F.3d at 474. If the claimant cannot satisfy the burden at the fourth step, disability benefits must be denied because the claimant is not disabled. *Combs, supra*.

If a claimant is not presumed disabled but shows that past relevant work cannot be performed, the burden of production shifts at step five to the Commissioner to show that the claimant, in light of the claimant's RFC, age, education, and work experience, can perform other substantial gainful employment and that such employment exists in significant numbers in the national economy. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (quoting

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997)). *See also Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). In order to rebut a *prima facie* case, the Commissioner must come forward with proof of the existence of other jobs a claimant can perform. *Longworth*, 402 F.3d at 595. *See also Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 528 (6th Cir. 1981), *cert. denied*, 461 U.S. 957, 103 S. Ct. 2428, 77 L. Ed. 2d 1315 (1983) (upholding the validity of the medical-vocational guidelines grid as a means for the Commissioner of carrying his burden under appropriate circumstances). Even if the claimant's impairments prevent the claimant from doing past relevant work, if other work exists in significant numbers in the national economy that the claimant can perform, the claimant is not disabled. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009). *See also Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028-29 (6th Cir. 1990); *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 88-89 (6th Cir. 1985); *Mowery v. Heckler*, 771 F.2d 966, 969-70 (6th Cir. 1985).

If the question of disability can be resolved at any point in the five-step sequential evaluation process, the claim is not reviewed further. 20 CFR § 404.1520(a)(4). *See also Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (holding that resolution of a claim at step two of the evaluative process is appropriate in some circumstances).

### C. The ALJ's Five-Step Evaluation of Plaintiff

The ALJ found that Plaintiff met the first two steps, but found at step three that Plaintiff was not presumptively disabled because she did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. AR 15-17.

At step four, the ALJ found that Plaintiff had no past relevant work, AR 21, thus triggering the fifth step in the process. At step five, the ALJ found that Plaintiff's RFC allowed her to perform light work with certain limitations as set out in the ALJ's findings, AR 17-21, and that considering her age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform. AR 22.

**D. Plaintiff's Assertion of Error**

Plaintiff argues that the ALJ erred by failing to find that her condition meets Listing 12.05(C) in 20 CFR Part 404, Subpart P, Appendix 1. Docket Entry No. 14-1 at 8. Plaintiff argues that the Commissioner's decision was not supported by substantial evidence, and should therefore be reversed, or in the alternative, remanded for further consideration. *Id*. at 10-11.

Sentence four of 42 U.S.C. § 405(g) states as follows:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. §§ 405(g), 1383(c)(3). "In cases where there is an adequate record, the [Commissioner's] decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Additionally, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a claimant's entitlement to benefits. *Faucher v. Secretary*, 17 F.3d 171, 176 (6th Cir. 1994). *See also Newkirk v. Shalala*, 25 F.3d 316, 318 (1994). Plaintiff's assertion of error is addressed below.

**1. The ALJ's consideration of Listing 12.05(C).**

Plaintiff's sole assertion of error involves the ALJ's review of Listing 12.05(C) under Appendix 1 to Subpart P of Part 404. DE 14-1 at 1. Listing 12.05(C) contains two parts, the first of which requires: (1) significantly sub-average general intellectual functioning; (2) deficits in adaptive functioning; and (3) onset before age twenty-two. *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 432 (6th Cir. 2014) (citing 20 CFR Pt. 404, App. 1, § 12.05(C)). The second part of Listing 12.05(C) is known as the "severity criteria," which requires: (1) a valid verbal, performance, or full scale IQ between 60 and 70; and (2) a physical or other mental impairment imposing an additional and significant work-related limitation or function. *Id*.

Plaintiff argues that there is "compelling evidence" indicating onset of an impairment before age 22. *Id*. at 8. She notes that she was enrolled in special education classes during school, presumably as evidence that she has deficits in adaptive functioning, and that Dr. Larry Einspahr's 2006 opinion that she will "need extensive support for her disabilities" demonstrates her sub-average intellectual functioning. *Id*. at 9. With respect to the "severity criteria," Plaintiff points to her full scale IQ score of 69, *id*., and multiple other impairments that impose work-related limitations, including bipolar disorder, fetal alcohol syndrome ("FAS"), attention deficit hyperactivity disorder ("ADHD"), depressive disorder, and mood disorder. *Id*. at 9-10. Plaintiff argues that she has thus satisfied the requirements of Listing 12.05(C), and that the ALJ failed to adequately consider Listing 12.05(C) in evaluating Plaintiff's case.

In response, Defendant argues that Plaintiff did not demonstrate deficits in adaptive functioning as required by Listing 12.05(C). DE 15 at 6. Defendant contends that Plaintiff's enrollment in special education classes during school fails to establish sufficient deficits in adaptive

functioning to satisfy the requirements of Listing 12.05(C). *Id*. at 7. Defendant further notes that Dr. Einspahr's letter opining that Plaintiff would "likely be disabled to one degree or another for life," AR 343, cannot be determinative as a claimant is either disabled or not disabled under the Act. *Id*. at 7-8. Defendant finally notes that Dr. Einspahr diagnosed Plaintiff with borderline intellectual functioning ("BIF"), not mental retardation,[3] thereby demonstrating that Plaintiff does not have sufficient deficits in adaptive functioning. *Id*. at 8.

The crux of Plaintiff's lone assertion of error is that the ALJ failed to adequately explain his decision that Plaintiff did not meet the requirements of Listing 12.05(C), including a failure to state how much weight was given to the opinion of Dr. Einspahr. DE 14-1 at 10. The Court notes that the ALJ stated the following with respect to the listings contained in 20 CFR Part 404, Subpart P, Appendix 1:

> No physician or specialist indicated that the [Plaintiff's] impairments meet or medically equal a listed impairment described in Appendix 1 of the Regulations . . . Additionally, State agency physicians who evaluated the evidence did not find that the [Plaintiff] had an impairment or combination of impairments that met or medically equaled one of the listed impairments. No subsequent evidence has been submitted that would alter the previous conclusions that the [Plaintiff] does not have an impairment or combination of impairments severe enough to meet or equal a listing.

AR 15-16. In addition to noting the absence of any medical opinion indicating that Plaintiff met the requirements of Listing 12.05(C), the ALJ discussed Plaintiff's alleged deficits in adaptive functioning:

> A review of the record reveals the [Plaintiff] does not have significant deficits in adaptive functioning manifested before age 22. As discussed above, the [Plaintiff]

---

[3] The Court notes that "mental retardation" is now referred to as "intellectual disability," effective September 3, 2013. *Smith Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 428, n.2 (6th Cir. 2014).

> performs activities of daily living without encouragement and completely independently . . . The [Plaintiff] testified that she is taking care of her young son and maintaining the home including cooking, cleaning and grocery shopping. She testified well at the hearing and did not show any signs of confusion. Additionally, the record shows the [Plaintiff] graduated from high school with a regular diploma and had good grades although she had some assistance with English and math . . . Dr. Germek noted that although her [WAIS-IV] scores suggest mild mental retardation, her activities of daily living indicate that she is in the borderline intellectual functioning range . . . This finding is supported by all of the [Plaintiff's] diagnoses, which are of borderline intellectual functioning and not of mild mental retardation . . . .

AR 17. Adaptive functioning is a term that measures "how well a person meets community standards of personal independence and social responsibility, in comparison to others of similar age and sociocultural background," and accounts for "adaptive reasoning in three domains: conceptual, social, and practical." *Davis v. Colvin*, No. 2:10-CV-00088, 2015 WL 3504984, at *4 (M.D. Tenn. May 28, 2015) (quoting *Diagnostic and Statistical Manual of Mental Disorders* 37 (5th ed. 2013)). A claimant demonstrates deficits in adaptive functioning consistent with intellectual disability if "at least one domain of adaptive functioning . . . is sufficiently impaired that ongoing support is needed in order for the person to perform adequately in one or more life settings at school, at work, at home, or in the community." *Id.* (internal citation omitted).

Plaintiff submits that her diagnosis of FAS and her enrollment in special education classes demonstrates significant deficits in adaptive functioning. DE 14-1 at 8-9. The ALJ refuted this claim in his opinion, however, by discussing the daily activities for which Plaintiff does not need "ongoing support," including caring for her child, shopping, cooking, and cleaning. AR 17. The ALJ further discussed Plaintiff's positive hearing testimony, and even noted that Plaintiff graduated from high school with "good grades." *Id.* Plaintiff provides no evidence demonstrating that Plaintiff does require "ongoing support" to perform in social settings to rebut the ALJ's findings. The Court

therefore rejects Plaintiff's argument that she has established deficits in adaptive functioning sufficient to satisfy Listing 12.05(C).

The Court now turns to Plaintiff's secondary argument that the ALJ improperly failed to discuss the opinion expressed by Dr. Larry Einspahr. DE 14-1 at 10. Plaintiff does not directly contend that Dr. Larry Einspahr qualifies as a treating physician for purposes of evaluating his opinion under 20 CFR § 416.927. Plaintiff notes, however, that Dr. Einspahr treated Plaintiff from 2000 through 2006 and that the ALJ "erred by failing to mention [Dr. Einspahr's] opinion anywhere in the decision." DE 14-1 at 10.

The only evidence pertaining to Dr. Einspahr's treatment of Plaintiff consists of a letter written by Dr. Einspahr to the Department of Social and Health Services in November of 2006. AR 342-43. According to the letter, Dr. Einspahr had treated Plaintiff on a nearly monthly basis from March of 2000 through November of 2006. AR 342. The letter includes Dr. Einspahr's assessment that Plaintiff suffered from FAE,[4] BIF, and attention deficit disorder ("ADD"). *Id*. Dr. Einspahr's letter also suggests that Plaintiff was experiencing mood instability and possibly evolving Bipolar disorder, and had demonstrated passive suicidal ideation and self-mutilation. *Id*.

The Court agrees that the ALJ's failure to directly address the opinion expressed in Dr. Einspahr's letter is not ideal. Nevertheless, Plaintiff fails to provide any other documentation of her apparently lengthy adolescent treatment with Dr. Einspahr. The ALJ therefore had no way of reviewing any of the medical records that may have supported Dr. Einspahr's opinion, which is critical to the ALJ's assessment:

---

[4] The Court assumes this abbreviation to mean "fetal alcohol effects," based on Plaintiffs's diagnosed fetal alcohol syndrome.

> The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion. Furthermore, because nonexamining sources have no examining or treating relationship with you, the weight we will give their opinions will depend on the degree to which they provide supporting explanations for their opinions.

20 CFR § 416.927(c)(3). Even if Dr. Einspahr were viewed as a treating source, which the Court does not do in this case, his opinion is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques," which is required under 20 CFR § 416.927. In short, there is no support for the opinion contained in Dr. Einspahr's letter.

Additionally, while Dr. Einspahr's letter may be relevant in proving onset of a potential impairment prior to age twenty-two, in accordance with the requirements of Listing 12.05(C), the issue is whether Plaintiff has demonstrated sufficient deficits in adaptive functioning. As discussed *supra*, the ALJ explained his finding that Plaintiff did not demonstrate such deficits based on her daily activities. AR 17. The ALJ additionally noted that her daily activities were "inconsistent with disabling physical or mental impairments." *Id*. at 20. Finally, and most significantly, the ALJ specifically noted that Plaintiff has only ever been diagnosed with *borderline* intellectual functioning and not intellectual disability. *Id*. at 17. Even Dr. Einspahr, on whom Plaintiff exclusively relies in support of her claim that she meets the requirements of Listing 12.05(C), failed to diagnose her with an intellectual disability. AR 342.

The ALJ "can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party." *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) (internal citation omitted). In this case, despite the ALJ's failure to address the letter written by Dr. Einspahr, Plaintiff has failed to demonstrate deficits in adaptive functioning

pursuant to Listing 12.05(C). There is therefore no reason to believe that remand might lead to a different result. *Id.* (quoting *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989)). The Court thus finds that any error regarding the ALJ's failure to address Dr. Einspahr's opinion is harmless.

## V. RECOMMENDATION

For the above stated reasons it is recommended that Plaintiff's motion for judgment on the administrative record (Docket Entry No. 14) be DENIED and that the Commissioner's decision be affirmed.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                             Respectfully Submitted,

                                                              BARBARA D. HOLMES
                                                              United States Magistrate Judge